133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eloy MARQUES; Ernesto Yzquierdo; Noel Yzquierdo; Jose
Juan Gonzalez, Plaintiffs-Appellants and Cross-Appellees,
v.
TELLES RANCH, INC.; Mayfair Farms; Telles Farms; Frank R.
Telles; Mona Jo Telles; Sharon Telles Wegis; Melissa
Telles Brozek; Frances Telles; Mary Fortney; Billy
Zimmerman; Richard C. Telles; Philip Thompson; William A.
Jones, Defendants-Appellees and Cross-Appellants.
 Nos. 95-16402, 95-16696.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1996.
Decided Dec. 29, 1997.
 
 Before: FLETCHER, FARRIS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This memorandum resolves all issues not addressed in the opinion filed concurrently with this disposition.
 
 I. The adequacy of the WARN notice
 
 3
 Plaintiff workers argue that the notice given was not adequate because it did not meet all the requirements of 20 C.F.R. § 639.7(d). For the reasons stated by the district court in its order of October 4, 1994, we conclude that the deficiency in the notice here did not trigger liability under WARN. Marques v. Telles Ranch, Inc., 867 F.Supp. 1438, 1445-46 (N.D.Cal.1994); see also Kalwaytis v. Preferred Meal Sys., Inc., 78 F.3d 117, 121 (3rd Cir.), cert. denied, 117 S.Ct 73 (1996).
 
 
 4
 Plaintiff workers also argue that the failure of TRI to give notice to both the appropriate unit of local government and the state dislocated worker unit, as required by 29 U.S.C. § 2102(a)(2), gives rise to an independent cause of action for backpay damages. We reject this contention since plaintiff employees cannot assert that they did not receive timely notice directly as a result of the failure by TRI to comply with either of these obligations. See 28 U.S.C. § 2104(a)(1) & (7).
 
 II. The subclass of year-round employees
 
 5
 The class certified by the district court also included a subclass of year-round employees, both supervisory and nonsupervisory, who expected to work at TRI's southern area in Arizona.[1] TRI moved for summary judgment against these class members because it alleged that theme were not 50 employees (WARN's numerical threshhold) who suffered an employment loss as a result of the November 29, 1991, plant closing at a single site of employment. The subclass of year-round employees challenges the district court's grant of summary judgment rejecting their claims.
 
 
 6
 The district court found that: (i) the California and Arizona harvesting locations were different sites of employment under 29 U.S.C. § 2101(a)(2); (ii) the year-round nonsupervisory employees suffered an employment loss in November, but only with respect to the southern area; and (iii) after subtracting the year-round nonsupervisory employees from the group of year-round employees, not enough workers were left to trigger, in November, WARN's notice requirements with respect to the northern area.
 
 
 7
 For the reasons stated by the district court in its order of June 9, 1995, we agree that the California and Arizona areas were separate "sites of employment." The district court was also correct in concluding that the year-round nonsupervisory workers, like the seasonal employees, did not suffer an employment loss with respect to the northern area until April, 1992. Since the northern and southern areas were separate employment sites, whatever employment loss the year-round nonsupervisory workers may have suffered in November would have occurred in relation to the southern area only.[2]
 
 
 8
 Finally, for the reasons stated by the district court in its order of June 9, 1995, we agree that, although there may have been year-round workers who suffered an employment loss in November in relation to the northern area, their number was not sufficient to meet WARN's numerical threshold requirements. See 29 U.S.C. 2101(a)(2).
 
 III. Conclusion
 
 9
 TRI is not liable on the basis of either the inadequacy of its notice to plaintiff workers or its failure to provide notice to the appropriate units of local government. We also find that the district court did not err in granting summary judgment for TRI with respect to tie claims of the subclass of year-round employees.
 
 AFFIRMED.[3]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Seasonal workers who worked only in the southern area are not part of this action
 
 
 [2]
 The district court made no finding as to a possible WARN violation at the Arizona site. Although plaintiffs appear to raise this point on appeal, they did not assert this claim below, and therefore we do not consider the issue
 
 
 [3]
 Our disposition of the plaintiff workers' appeal renders TRI's cross-appeal moot Therefore, that cross-appeal is DISMISSED. However, TRI shall recover its costs on this appeal